IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TREVOR HARRIS | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-00377 |
| | § | |
| KROGER TEXAS, L.P., D/B/A KROGER | § | |
| HOUSTON #392, THE KROGER CO., | § | |
| KROGER HOUSTON #392, AND | § | |
| PHILIP INGRAM | § | |
|     Defendants. | § | |

**DEFENDANTS' NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. § § 1441 and 1446, Defendant Kroger Texas, L.P., d/b/a Kroger Houston #392, and Defendants The Kroger Co., Kroger Houston #392, and Philip Ingram ("collectively referred to as Defendants") in the cause styled "Trevor Harris v. Kroger Texas, L.P. d/b/a Kroger Houston #392, The Kroger Co., Kroger Houston #392, and Philip Ingram " originally pending as Cause No. 20-DCV-279310 in the 268th Judicial District Court of Fort Bend County, Texas, files this Notice of Removal of the cause to the United States District Court for the Southern District of Texas, Houston Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because there is complete diversity of citizenship between the parties. Whereas Plaintiff is a resident of Texas, Defendants Kroger Texas, L.P., erroneously named "Kroger Texas, L.P., d/b/a Kroger Houston #392," and The Kroger Co. are not citizens of the State of Texas.

Kroger Houston #392 is not a proper party to this action and is not a distinct legal entity. Furthermore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Kroger Texas, L.P., erroneously named "Kroger Texas, L.P., d/b/a Kroger Houston #392, at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

Philip Ingram ("Ingram"), at the time of the incident giving rise to this lawsuit, at the time of the initial filing of this action, and at the current time of the removal of this action, was and is a citizen and resident of the State of Texas. However, for the reasons discussed below, Ingram is not a proper party to this action and has been improperly and/or fraudulently joined, and hence his citizenship should not be considered for purposes of removal.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that on or about December 26, 2018, "upon completing [her] work shift, was in the process of walking to the front exit of Defendants' premises when she was physically

attacked by another customer of Defendants who caused [her] severe bodily injuries."[1] Plaintiff

filed suit on December 18, 2020, in the 268th Judicial District Court of Fort Bend County, Texas,

alleging a negligence cause of action against Kroger.[2]

## IV.
## IMPROPER/FRAUDULENT JOINDER

Since Plaintiff improperly named Philip Ingram as a defendant, his citizenship should be

disregarded for purposes of diversity jurisdiction. Although Plaintiff alleges theories of liability

against Kroger, she does not set forth any allegations against Ingram other than acts taken in

performance of his duties at Kroger.[3] Plaintiff did not plead any facts that would allow Plaintiff to

recover from Ingram in his individual capacity, and, in fact, did not allege that Ingram owed any

separate or independent duty of reasonable care to Plaintiff apart from his employer's duty.

Improper/fraudulent joinder may be established where, as here, there is no possibility that

a plaintiff can maintain a cause of action against an employee based on the pleaded facts.[4] Federal

courts look to Texas state law to determine whether a plaintiff may maintain a cause of action

against a defendant.[5]

In Texas an individual acting as an officer, agent, or employee of a company can only be

held individually liable for negligence when the individual owes an independent duty of reasonable

care to the injured party ***apart from the employer's duty***.[6] Case law is replete with opinions finding

---

[1] *See* Plaintiff's Original Petition, at pages 4-5, ¶VII.

[2] *See generally,* Pl's' Orig. Pet., attached hereto as Exhibit 2.

[3] *Id*. at p. 4, ¶¶ 5.04 – 5.05, pp. 5-6, ¶¶ 8.01 – 9.03.

[4] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Larrouquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006).

[5] *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[6] *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996)).

that store managers and employees do not owe an independent duty of care to patrons who were injured on store property.[7] Actions by an employee or officer taken in the course and scope of employment, whether active or passive, are actions of the corporation on behalf of the employer.[8]

In this case, Plaintiff's only allegations concerning Ingram deal with alleged duties he may have owed in his capacity as a Kroger employee and are not distinct from those which Kroger, itself, would allegedly owe.[9] Specifically, Plaintiff alleges both Kroger and Ingram breached duties to: (1) "exercise ordinary care and operate Defendants' business so as to prevent unreasonable risks of harm to Plaintiff" and (2) negligently hired, trained, retained, and supervised Defendants' employees, including Philip Ingram.[10] Plaintiff additionally alleges that all of the Defendants committed gross negligence, without identifying any violation of an independently owed duty by Ingram.[11] None of the alleged duties were independently owed by Ingram. Therefore, Plaintiff alleges no facts that would support an independently owed duty by Ingram to Plaintiff, apart from a duty owed by Ingram's employer Kroger.[12]

---

[7] *See, e.g., Kopczynski v. Wal-Mart Stores Texas, L.P.*, No. H-10-4507, 2011 WL 902237, at *4-7 (S.D. Tex. March 14, 2011) (not designated for publication) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 562-63 (Tex. 2005) and *Leitch*, 935 S.W.2d at 117-18); *Gaston v. Wal-Mart Stores Texas, LLC*, No. H-09-4094, 2010 WL 1426876, at *6-8 (S.D. Tex. April 8, 2010) (not designated for publication) (citing same); *Gonzalez v. Wal-Mart Stores*, No. 10-CV-120, 2010 WL 1417748, at *1-3 (W.D. Tex. March 31, 2010) (not designated for publication) (citing same).

[8] *Leitch v. Hornsby,* 935 S.W.2d at 118.

[9] *See Id.*; *McKinney v. Home Depot, USA, Inc.*, No. 4:06-cv-327-A, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006) (not designated for publication) (concluding that a store manager was improperly joined because the plaintiff failed to allege that he owed an independent duty to the plaintiff); *Palmer v. Wal-Mart Stores, Inc.*, 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999) (denying plaintiff's motion to remand, and noting that the plaintiff made no allegations that the store manager owed "her any independent duty or duty of reasonable care, apart from that which his employer owed any store patron").

[10] *See*, Pl's' Orig. Pet., at pp. 5-8, ¶¶VIII – IX.

[11] *Id*. at p. 8, ¶X.

[12] *Leitch v. Hornsby,* 935 S.W.2d at 118; s*ee also Kopczynski v. Wal-Mart Stores Texas, LP,* 2011 WL 902237, at *4-7 (S.D. Tex. Mar. 14, 2011) (co-employees and managers owed no independent duty to employee despite allegations they personally participated in negligent acts).

There is no possibility that Plaintiff can maintain a cause of action against Ingram based on the pleaded facts, because there is no allegation to support an independent duty apart from his employer's duty that Ingram owed to Plaintiff. Ingram, therefore, has been improperly joined in this matter and his citizenship should be disregarded. Upon properly disregarding Ingram's citizenship, it is clear that complete diversity exists between the remaining proper parties in this case.

## V.
## AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.00. Specifically, Plaintiff claims damages for past and future: medical care and expenses; physical pain and suffering; loss of earnings and loss of earning capacity; physical impairment; physical disfigurement; and mental anguish.[13] She further seeks exemplary damages. Thus, it is clear that Plaintiff seeks monetary relief over $1,000,000, such that this case is removable because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[14]

## VI.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." 28 U.S.C. § 1446(b). Kroger first became aware this case was removable on or about January 8, 2021, when it was served with Plaintiff's Original Petition – Philip Ingram was subsequently served on January 11, 2021.

---

[13] *Id*. at pp. 8-9, ¶XI.

[14] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

Accordingly, this removal is timely because it is made within thirty days after Kroger's receipt of the document that first demonstrated the case was removable.

## VII.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

## VIII.
## PROCEDURAL REQUIREMENTS

Defendants filed with the Clerk of the 268th Judicial District Court of Fort Bend County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81, the following documents are attached hereto for the Court's reference:

(1)   State court docket sheet (as of February 3, 2021)

(2)   Plaintiff's Original Petition (filed December 18, 2020);

(3)   Officer's Return of Service on Philip Ingram (January 13, 2021);

(4)   Defendants' Original Answer (filed January 25, 2021); and

(5)   List of counsel of record.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that this case be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

_/s/ B. Kyle Briscoe_

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)
**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I certify that this document was served on all counsel of record in accordance with and pursuant to the Federal Rules of Civil Procedure on February 4, 2021.

_/s/ B. Kyle Briscoe_

**B. Kyle Briscoe**