# EXHIBIT 1

**Exhibit 1**

# REGISTER OF ACTIONS
## CASE No. 20-DCV-279310

| | |
|---|---|
| Trevor Harris V. Kroger Texas L.P. D/B/A Kroger Houston #392, The Kroger Co., Kroger Houston #392, and Philip Ingram | § § § § § |

Case Type: **Injury or Damage - Other Injury or Damage**
Date Filed: **12/18/2020**
Location: **268th District Court**

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant or Respondent** | **Ingram, Philip** <br> Richmond, TX 77407 | **Bryan Kyle Briscoe** <br> *Retained* <br> 214-999-0550(W) |
| **Defendant or Respondent** | **Kroger Houston #392** <br> Austin, TX 78701 | **Bryan Kyle Briscoe** <br> *Retained* <br> 214-999-0550(W) |
| **Defendant or Respondent** | **Kroger Texas L.P.** <br> Austin, TX 78701 | **Bryan Kyle Briscoe** <br> *Retained* <br> 214-999-0550(W) |
| **Defendant or Respondent** | **The Kroger Co.** <br> Austin, TX 78701 | **Bryan Kyle Briscoe** <br> *Retained* <br> 214-999-0550(W) |
| **Plaintiff or Petitioner** | **Harris, Trevor** | **David K. Mestemaker** <br> *Retained* <br> 713-626-8900(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 12/18/2020 | **Petition**   Index # 1 | | |
| | *Plaintiff's Original Petition and Discovery to Defendants* | | |
| 12/18/2020 | **Request**   Index # 2 | | |
| | *Request for Process* | | |
| 12/21/2020 | **Issuance**   Index # 3 | | |
| | *Citation Issued to Kroger Texas, LP* | | |
| 12/21/2020 | **Citation** | | |
| | *eService* | | |
| | Kroger Texas L.P. | Unserved | |
| 12/21/2020 | **Issuance**   Index # 4 | | |
| | *Citation Issued to Kroger Houston #392* | | |
| 12/21/2020 | **Citation** | | |
| | *eService* | | |
| | Kroger Houston #392 | Unserved | |
| 12/21/2020 | **Issuance**   Index # 5 | | |
| | *Citation Issued to Kroger Co* | | |
| 12/21/2020 | **Citation** | | |
| | *eService* | | |
| | The Kroger Co. | Unserved | |
| 12/21/2020 | **Issuance**   Index # 6 | | |
| | *Citation Issued to Philip Ingram* | | |
| 12/21/2020 | **Citation** | | |
| | *eService* | | |
| | Ingram, Philip | Served | 01/11/2021 |
| | | Returned | 01/13/2021 |
| 01/13/2021 | **Officers Return**   Index # 7 | | |
| | *Citation for Philip Ingram Returned Served 1/11/21* | | |
| 01/25/2021 | **Answer/Contest/Response/Waiver**   Index # 8 | | |
| | *Defendants Original Answer and Verified Denial* | | |
| 01/25/2021 | **Jury Fee Paid** | | |
| | *Jury Fee Paid by Defendant* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| **Defendant or Respondent** Kroger Texas L.P. | | | | |
| Total Financial Assessment | | | | 40.00 |
| Total Payments and Credits | | | | 40.00 |
| **Balance Due as of 02/03/2021** | | | | **0.00** |
| | | | | |
| 01/25/2021 | Transaction Assessment | | | 40.00 |
| 01/25/2021 | E-filing | Receipt # 2021-01642-DCLK | Kroger Texas L.P. | (40.00) |

**Plaintiff or Petitioner** Harris, Trevor

| | | | |
|---|---|---|---|
| Total Financial Assessment | | | 324.00 |
| Total Payments and Credits | | | 324.00 |
| **Balance Due as of 02/03/2021** | | | **0.00** |

| 12/18/2020 | Transaction Assessment | | | 324.00 |
|---|---|---|---|---|
| 12/18/2020 | E-filing | Receipt # 2020-29129-DCLK | Harris, Trevor | (324.00) |

# EXHIBIT 2

**Exhibit 2**

Filed
12/18/2020 2:58 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. **20-DCV-279310** _____

| | | |
|---|---|---|
| TREVOR HARRIS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | Fort Bend County - 268th Judicial District Court |
| | § | ____ JUDICIAL DISTRICT COURT |
| KROGER TEXAS L. P. D/B/A KROGER | § | |
| HOUSTON #392, THE KROGER CO., | § | |
| KROGER HOUSTON #392, AND PHILIP | § | |
| INGRAM | § | FORT BEND COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND
## <u>DISCOVERY TO DEFENDANTS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **TREVOR HARRIS**, and files this original petition against

Defendants, **KROGER TEXAS L. P. D/B/A KROGER HOUSTON #392, THE KROGER**

**CO., KROGER HOUSTON #392, and PHILIP INGRAM** (Defendant, Defendants,

**KROGER**), and would show the Court the following:

### I.

### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level III and

requests the Court enter a discovery control order.

### II.

### PARTIES AND SERVICE

**1. Plaintiff:**

Plaintiff, **TREVOR HARRIS**, is a resident of Texas.

**2. Defendants:**

1. Defendant, **KROGER TEXAS L.P.,** is an Ohio corporation with its principal place

of business located at 1014 Vine St., Cincinnati, Ohio 45202-110. Defendant **KROGER**

**TEXAS L.P.** is licensed to do business in Texas. **KROGER TEXAS L.P.** owns and

operates a number of supermarkets and other businesses in the Fort Bend County, Texas area, including the supermarket made the basis of this lawsuit, known as **KROGER HOUSTON #392** located at 6425 FM 1464, Richmond, Texas 77407. **KROGER TEXAS L.P.'s** registered agent for service of process through which **KROGER TEXAS L.P.** may be served is: *Corporation Service Company d/b/a SCS-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever Defendant's agent may be found.*

2. Defendant, **THE KROGER CO.,** is an Ohio corporation with its principal place of business located at 1014 Vine St., Cincinnati, Ohio 45202-110. Defendant **THE KROGER CO.** is licensed to do business in Texas. **THE KROGER CO.** owns and operates a number of supermarkets and other businesses in the Fort Bend County, Texas area, including the supermarket made the basis of this lawsuit, known as **KROGER HOUSTON #392** located at 6425 FM 1464, Richmond, Texas 77407. **THE KROGER CO.'s** registered agent for service of process through which **THE KROGER CO.** may be served is: *Corporation Service Company d/b/a SCS-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever Defendant's agent may be found.*

3. Defendant, **KROGER HOUSTON #392,** is a partnership, corporation, or other entity located and doing business in Richmond, Fort Bend County, Texas. Plaintiff also asserts that **KROGER HOUSTON #392,** is the assumed name under which one or more entities, including **THE KROGER CO. and/or KROGER TEXAS L.P.,** are doing business and which are Ohio corporations with their principal place of business located at 1014 Vine St., Cincinnati, Ohio 45202-110. **KROGER HOUSTON #392** may be served

Plaintiff's Original Petition and Discovery to all Defendants

through its agent for service of process: *Corporation Service Company d/b/a SCS-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, , or wherever Defendant's agent may be found.*

4. Defendant, **PHILIP INGRAM**, is a resident of Texas, and was at all times material the employee, servant, or agent of one or more defendants, including **KROGER TEXAS L. P. D/B/A KROGER HOUSTON #392, THE KROGER CO., and/or KROGER HOUSTON #392.** Defendant may be served at Defendant's place of business, *6425 FM 1464, Richmond, Texas 77407, or wherever Defendant may be found.*

### III.
### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this Court.

Venue in Fort Bend County is proper in this cause under §15.002(a)(l) of the Tex. Civ. Prac. Rem. Code because all or a substantial part of the events or omissions, including the incident in question giving rise to this lawsuit, occurred in Fort Bend County, Texas.

### IV.
### REQUEST FOR SUBSTITUTION OF TRUE NAME PURSUANT TO RULE 28

To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Tex.R.Civ.P., and Plaintiff hereby demands upon answering this suit, that the Defendants answer in their correct legal and assumed names.

Plaintiff's Original Petition and Discovery to all Defendants

## V.

### TEXAS RULES OF CIVIL PROCEDURE, RULE 47

Plaintiff seeks monetary remedies of more than $1,000,000.00 or the just and reasonable amount awarded by a jury.

## VI.

### TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Pursuant to Rule 193.7 of the Tex.R.Civ.P., Plaintiff gives notice to Defendants and other Parties that all documents produced by Defendants will be used at any pretrial proceeding or at the trial of this case.

## VII.

### FACTS AND ALLEGATIONS

On or about **December 26, 2018**, Plaintiff, **TREVOR HARRIS** (Plaintiff, **HARRIS**) was an invitee on the premises owned, operated, managed, occupied, or otherwise under the control of Defendants, **KROGER TEXAS L. P. D/B/A KROGER HOUSTON #392, THE KROGER CO., and/or KROGER HOUSTON #392 and PHILIP INGRAM,** (Defendant, Defendants, **KROGER**), located at or about 6425 FM 1464, Richmond, Fort Bend County, Texas.

At all times relevant to Plaintiff's claims and causes of action herein, Defendants, were the owners, managers, general partners, corporations, partnerships, lessees, occupiers, possessors, franchisees, or otherwise the entities in possession, control, *contractual or de facto*, of the subject premises.

Plaintiff, an invitee on Defendants' premises, upon completing Plaintiff's work shift, was in the process of walking to the front exit of Defendants' premises when she was physically attacked by another customer of Defendants, who caused Plaintiff severe

Plaintiff's Original Petition and Discovery to all Defendants

bodily injuries. Defendant, their agents, servants, or employees knew or should have known of the dangerous propensities of Plaintiff's attacker and said attacker's outward aggressive and dangerous behavior prior to the incident. The incident made the basis of this lawsuit was the proximate result of the negligence of Defendants.

## VIII.

## CAUSES OF ACTION

Plaintiff incorporates and adopts by reference the factual allegations above, for all causes of actions and claims for damages set forth in this petition.

Whenever it is alleged herein that Defendants committed acts or omissions, it includes the acts and/or omissions of the agents, servants, and/or employees of Defendants while engaged in the course and scope of their employment and/or agency for Defendants.

### Negligence

Defendants owed a legal duty to Plaintiff to exercise ordinary care and operate Defendants' business so as to prevent unreasonable risks of harm to Plaintiff and the public. Additionally, or in the alternative, Defendants' entrusted work to a putative independent contractor, servant, or agent, but retained control of part of the work, thus subjecting Defendants to liability for physical harm to others for whose safety Defendants owed a duty to exercise reasonable care. Defendants' negligent acts or omissions were a proximate cause of the incident and injuries made the basis of this lawsuit.

Defendants negligently breached their various legal duties and those breaches proximately caused Plaintiff's incident and injuries and damages, including but not limited to the following:

Plaintiff's Original Petition and Discovery to all Defendants

1.    Failing to hire competent security personnel or a security company and staff with the required experience in and training to secure the safety of a retail establishment, including Plaintiff and the general public.

2.    Failing to train its security staff, or monitor such staff for compliance, in the standards for securing a retail establishment related to the staff and customers and the general public.

3.    Failing to train its retail staff, or monitor such staff or compliance, in the standards for interacting with customers and responding to dangerous behavior exhibited by such customers.

4.    Failing to train its retail staff, or monitor such staff or compliance, in the standards for interacting with intoxicated customers or those under the influence of drugs and responding to dangerous behavior exhibited by such customers.

5.    Failing to use reasonable care in dealing with an aggressive, belligerent, and violent customers.

6.    Failure to follow adequate safety and/or security policies and/or procedures to protect Plaintiff and the public from a known potential unreasonable risk of harm.

7.    In all things, failing to act as a reasonable person and/or company using ordinary care in the same or similar circumstances.

### Negligent Hiring, Training, Retaining and Supervision

Defendants were negligent in hiring, training, retaining and supervision of Defendants' employees, including **Philip Ingram**, Defendants' employee/manager on duty and who was present during the events leading up to, and at the time of the attack on Plaintiff.  Defendants knew or should have known that **Philip Ingram**, and other employees, was unfit or unqualified to maintain the safety of Defendants' premises.  An employer is subject to liability for physical harm to third persons caused by its failure to exercise reasonable care to employ, train, retain, and supervise employees competent to avoid unreasonable risk to its invitees, including Plaintiff.  Defendants were negligent and grossly negligent in Defendants' hiring, training, retaining, and supervising **Philip Ingram** and other employees.

Plaintiff's Original Petition and Discovery to all Defendants

Also, Defendants were negligent and grossly negligent for not taking any action regarding **Philip Ingram** after Defendants knew or should have known of **Ingram's** failure to prevent persons with known violent propensities and intentions from entering or remaining on Defendants' premises. Defendants had a duty to act as a reasonable prudent employer or person under the circumstances as those made the basis of this lawsuits. Defendant also had a duty to exercise reasonable care to ensure that persons on their premises did not cause or pose an unreasonable risk of harm to Plaintiff or the general public. Defendants negligently breached these duties and was negligent and grossly negligent when, among other things, Defendants failed to take any action regarding the serious and imminent threats made by the person who attacked Plaintiff. Plaintiff's personal injuries and damages were a direct result of Defendants' actions and/or inactions. Defendants are also liable to Plaintiff for Plaintiff's injuries and damages under the theory of *respondeat superior.*

## IX.

## NEGLIGENCE OF DEFENDANTS
## UNDER THE DOCTRINE OF *RESPONDEAT SUPERIOR*

Defendants are liable for the torts committed by their employees during the course and scope of their employment. At the time of the incident, Defendants and/or their employees were the agents, ostensible agents, servants, and employees of Defendants and were acting within the scope of their authority as such agents, ostensible agents, servants, and employees. Defendants' employees were negligent and/or grossly negligent more thoroughly described above was a proximate cause of Plaintiffs' injuries and damages. Therefore, Defendants should be held jointly and severally liable for

tortious actions of Defendants' agents, ostensible agents, servants, and/or employees under the doctrine of *respondeat superior.*

## X.

### GROSS NEGLIGENCE AS TO ALL DEFENDANTS

Defendants' acts and/or omissions described hereinabove, when viewed from the standpoint of Defendants at the time of the above-described acts and/or omissions, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks involved to Plaintiff and others similarly situated as a proximate result of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety and/or welfare of Plaintiff and others. Therefore, based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendants.

## XI.

### DAMAGES

All the above actions or omissions were a proximate and or producing cause of Plaintiff's injuries and damages. Plaintiff seeks damages from the Defendants including, but not limited to the following:

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries proximately resulting from the incident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in the counties in which the services were rendered Texas.

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future.

Plaintiff's Original Petition and Discovery to all Defendants

3.  Physical pain and suffering in the past and physical pain and suffering in the future.

4.  Loss of earnings in the past and loss of earning capacity which will, in all probability, be incurred in the future.

5.  Physical impairment in the past and physical impairment in the future.

6.  Physical disfigurement in the past and physical disfigurement in the future.

7.  Mental anguish in the past and mental anguish in the future.

**XII.**

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a jury trial on all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre and post-judgment interest at the maximum rate allowed by law, costs of court, and such other and further relief, both general and special, and at law and in equity, to which Plaintiff may be entitled.

Respectfully submitted:

MESTEMAKER, STRAUB & ZUMWALT

By: /s/ David K. Mestemaker
David K. Mestemaker
State Bar No. 13974600
dkm@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

By: /s/ Norman Straub
Norman Straub
State Bar No. 00793002
nstraub@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

Page 9 of 31

By: /s/ Jonathan B. Zumwalt
Jonathan B. Zumwalt
State Bar No. 24053570
jbz@mandsattorneys.com
**(Do not use this e-mail for service of documents)**

3100 Timmons Lane, Suite 455
Houston, Texas 77027
Tel: (713) 626-8900/Fax: (713) 626-8910

ATTORNEYS FOR PLAINTIFF

<u>**Designated E-Service Email Address**</u>

**The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R.Civ. P. 21(f)(2) & 21(a). <u>(Contact@mandsattorneys.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.</u>**

Plaintiff's Original Petition and Discovery to all Defendants

## PLAINTIFF'S REQUEST FOR DISCLOSURES, INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSIONS
## TO EACH DEFENDANT

**TO EACH DEFENDANT:**

1.      Defendant, **KROGER TEXAS L.P.,** is an Ohio corporation with its principal place of business located at 1014 Vine St., Cincinnati, Ohio 45202-110. Defendant **KROGER TEXAS L.P.** is licensed to do business in Texas. **KROGER TEXAS L.P.** owns and operates a number of supermarkets and other businesses in the Fort Bend County, Texas area, including the supermarket made the basis of this lawsuit, known as **KROGER HOUSTON #392** located at 6425 FM 1464, Richmond, Texas 77407. **KROGER TEXAS L.P.'s** registered agent for service of process through which **KROGER TEXAS L.P.** may be served is: *Corporation Service Company d/b/a SCS-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever Defendant's agent may be found.*

2.      Defendant, **THE KROGER CO.,** is an Ohio corporation with its principal place of business located at 1014 Vine St., Cincinnati, Ohio 45202-110. Defendant **THE KROGER CO.** is licensed to do business in Texas. **THE KROGER CO.** owns and operates a number of supermarkets and other businesses in the Fort Bend County, Texas area, including the supermarket made the basis of this lawsuit, known as **KROGER HOUSTON #392** located at 6425 FM 1464, Richmond, Texas 77407. **THE KROGER CO.'s** registered agent for service of process through which **THE KROGER CO.** may be served is: *Corporation Service Company d/b/a SCS-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever Defendant's agent may be found.*

3.      Defendant, **KROGER HOUSTON #392,** is a partnership, corporation, or other entity located and doing business in Richmond, Fort Bend County, Texas. Plaintiff also asserts that **KROGER HOUSTON #392,** is the assumed name under which one or more entities, including **THE KROGER CO. and/or KROGER TEXAS L.P.,** are doing business and which are Ohio corporations with their principal place of business located at 1014

Vine St., Cincinnati, Ohio 45202-110. **KROGER HOUSTON #392** may be served through its agent for service of process: *Corporation Service Company d/b/a SCS-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, , or wherever Defendant's agent may be found.*

4.      Defendant, **PHILIP INGRAM,** is a resident of Texas, and was at all times the employee, servant, or agent of one or more defendants, including **KROGER TEXAS L. P. D/B/A KROGER HOUSTON #392, THE KROGER CO., KROGER HOUSTON #392.** Defendant may be served at Defendant's place of business, *6425 FM 1464, Richmond, Texas 77407, or wherever Defendant may be found.*


Pursuant to Rules 192, 194, 196, 197, and 198 of the Texas Rules of Civil Procedure, Plaintiff request each and every Defendant to respond to Plaintiff's request for disclosures, interrogatories, request for production, and request for admissions submitted herewith.

Each and every Defendant shall file written responses to Plaintiff's request for disclosures, interrogatories, request for production, and request for admissions within fifty (50) days after the date of service. **Each and every Defendant shall provide the requested responses, answers, or documents for inspection and copying at the law offices of Mestemaker, Straub, and Zumwalt, 3001 Timmons Lane, Suite 455, Houston, Texas 77027.**

## I.      DEFINITIONS AND INSTRUCTIONS

**1. "Incident in question"** or **"incident made the basis of this lawsuit"** means the incident that is referenced in the above styled lawsuit that *occurred on or about the date* identified in Plaintiff's most recent petition.

**2. "Property in question", "subject property"** means the property described above in Plaintiff's most recent Petition.

**3.** The terms **"document" or "documents"** shall mean all documents and tangible things, in the broadest sense allowed under the Texas Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, incident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in Defendant's possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

**4.** Defendant(s) is to produce all documents that are in the possession, control, or custody of Defendant(s) or in the possession, control, or custody of any attorney for Defendant(s). This includes, but is not limited to, documents in the possession, custody, control of Defendant, Defendant's attorneys, agents, employees, investigators, consultants, and experts, as well as any firm, subsidiary, parent, affiliated, or related entity, and any other entity or business in which Defendant(s) owns a controlling interest or over which Defendant(s) exercises control. Defendant(s) is required to use reasonable diligence to locate the documents, including those that are not in Defendant's immediate possession. Without limiting the term "**control**," a document is deemed to be within Defendant's control if Defendant(s) have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

**5.** With respect to hard copy or paper production, all documents responsive to this request shall be produced in their original form.

**6.** All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original documents being produced.

**7.** Unless otherwise indicated, documents requested by this document request are documents referring to, relating to, or prepared during the last five (5) years.

**8.** This document request requires Defendant(s) amend or supplement Defendant's production of documents called for by this document request.

**9.** In the event that any document requested has been lost or destroyed, Defendant(s) shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

Plaintiff's Original Petition and Discovery to all Defendants

**10.** Plaintiff requests that Defendant(s) provide a privilege log containing the descriptions specified in Rules for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g., memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts Defendant(s) rely on to support the claim of privilege.

**11.** If Defendant(s) object to any part of a document request, Defendant(s) shall produce all documents, or any portions thereof, covered by the request to which Defendant(s) do not object.

**12.** Responsive Electronically Stored Information ("ESI") shall be produced in native form; that is, in the form in which the information and/or documents were customarily created, used, and stored by the native application employed by Defendant(s) in the ordinary course of business.

a. If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, Defendant(s) may produce in a near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure or functionality as compared to the native form. Static image production formats serve as near-native alternatives only for documents which are natively static images (i.e., photographs and scans).

b. The table below supplies examples of native or near-native forms in which specific types of ESI should be produced:

| SOURCE ESI | NATIVE FORM (S) SOUGHT |
| --- | --- |
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG, .PDF |

| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the Internet e-mail standard). |
|--------|--------|
| | For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished if source foldering data is preserved and produced. |
| | For Lotus Notes mail, furnish .NSF files or convert to .PST. |
| | If Defendant's workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |

c.  Defendant(s) need only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names. The parties will meet and confer regarding programmatic database productions as necessary.

d.  Individual documents requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature. Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the un-redacted portions of the item.

e.  Defendant(s) need not produce identical documents in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value. The content, metadata and utility of a document must all be considered in determining whether documents are identical, and items reflecting different information shall not be deemed identical.

f. Production should be made using appropriate electronic media of Defendant's choosing provided that the production media chosen not impose an undue burden or expense upon Plaintiff(s) or Plaintiff(s)' counsel as recipients. Defendant(s) must, contemporaneously with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

g. Each document produced shall be uniquely identified by naming the item to correspond to a Bates identifier according to the following protocol:

    i. The first fourteen (14) characters of the filename will reflect a unique alphanumeric designation identifying the party making production and the case;

    ii. The next ten (10) characters, beginning with an underscore, will be a unique, consecutive numeric value assigned to the item by the producing party. This value shall be padded with leading zeroes as needed to preserve its length;

    iii. The final five (5) characters are reserved to a sequence beginning with a dash (-) followed by a four-digit number reflecting pagination of the item when printed to paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

    iv. By way of example, a Microsoft Word document produced by Acme Corporation in its native format might be named: ACME_VMESHSDCA_000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier ACME_VMESHSDCA_000000123-0006.

h. Documents designated Confidential may, at Defendant's option:

    i. Be separately produced on electronic production media prominently labeled to identify the contents as confidential; or, alternatively,

    ii. Each such designated document shall have appended to the file's name (immediately following its Bates identifier) the following protective legend:~CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_ CAUSE_MDL-

14-0123.

i. Defendant(s) shall furnish a delimited load file supplying the metadata field values listed below for each document produced (to the extent the values exist and as applicable):

| FIELD |
|---|
| **BeginBates** |
| **EndBates** |
| **BeginAttach** |
| **EndAttach** |
| **Custodian/Source** |
| **Source File Name** |
| **Source File Path** |
| **From/Author** |
| **To** |
| **CC** |
| **BCC** |
| **Date Sent** |
| **Time Sent** |
| **Subject/Title** |
| **Last Modified Date** |
| **Last Modified Time** |
| **DOCUMENT Type** |
| **Redacted Flag (yes/no)** |
| **Hidden Content/Embedded Objects Flag (yes/no)** |
| **Confidential Flag (yes/no)** |
| **MD5 Hash Value** |
| **Hash De-Duplicated Instances (by full path)** |

j. Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

k. Respond to each request for production by listing the unique identifier (Bates style) numbers/ranges of responsive documents produced.

l. If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing: (1) the date,

name and subject matter of the document; (2) the name, employment and title of each person who prepared, received, reviewed, or had possession, custody, or control of the document; (3) all persons with knowledge of the contents or any portion of the contents of the document; (4) the previous location of the document; (5) the date of disposal or transfer of the document; (6) the reason for disposal or transfer of the document; and, if applicable, (7) the manner of disposal of the document; or, if applicable, (8) the names and addresses of the transferees of the document.

m. It is required that all documents and/or other data compilations which might impact on the subject matter of this litigation be preserved and that any ongoing process of documents destruction involving such documents cease. In those instances where document destruction has already taken place, it is requested that the documents that would have been relevant to the following discovery request be identified as well as the date of destruction and the individual authorizing, ordering and/or carrying out the destruction.

n. If Defendant(s) believe that a complete response to any request would require the disclosure of confidential health information, the disclosure of which Defendant(s) believe is prohibited by the Health Insurance Portability and Accountability Act (HIPAA) or other law, Plaintiff will accept responses that are redacted to comply with such law but that are otherwise complete. Plaintiff expressly reserve the right to challenge any such redaction.

**13.** The terms **"and/or", "or", and "and"** are used inclusively, not exclusively.

**14.** The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

**15.** The terms **"identify" or "identity"** when used herein means:

a. With respect to a **natural person,** all that Defendant(s) knows or that Defendant(s) can determine about his or her full name or names, title, present or last known employer or job description, and present or last known home and business addresses.

b. With respect to an **entity or organization which is not a natural person,** all that Defendant(s) knows or that Defendant(s) can determine about its full name or names, dates and places of formation, principal places of business, and business addresses.

c. With respect to **documents,** all that Defendant(s) knows or that Defendant(s) can determine about title, type of documents, date, author, addressee, recipients, any identifying numbers on such documents, substance of its contents, subject matter, present location, present custodian, and each person who has possession, custody, or control over each copy of each document.

d. With respect to a **physical object,** all that Defendant(s) knows or that Defendant(s) can determine about its common name, identifying number(s), manufacturer, and date of manufacture of the object. e. With respect to an event, all that Defendant(s) knows about the date, time, place, participants, actions taken, and results obtained.

**16.** The terms **"custodial document", "custodial documents", "custodial file", or "custodial files"** shall mean all documents maintained by Defendant's current employees and past employees (while they were employed). For example, custodial documents include each document on and/or in an individual employee's computer, voice mail, office desk, office filing cabinet or storage system, file storage maintained by that person outside of his/her office, and any other location in which that employee keeps or kept documents. If Defendant(s) have failed to preserve or no longer have custodial documents for any current or past employee implicated by these Requests, please comply with Instruction 5 above.

**17.** The terms **"communication" or "communications"** includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

**18.** The term **"Information"** should be construed in the broadest possible sense. It is intended reference both facts and applicable principles. This term should not be construed to be limited by any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

**19.** The terms **"person" or "persons"** includes, without limitation, a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**20.** The terms **"entity" or "entities"** includes, without limitation, any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

**21.** The terms **"expert", "experts", "expert witness", or "expert witnesses"** shall mean any person or entity who may be called upon as an expert witness at trial and any person or entity used for consultation who is not expected to be called as a witness at trial, but whose opinions, work product, or mental impressions have been reviewed or relied upon by a testifying expert.

**22.** The terms **"concerning" or "relating to"** shall mean referring to, reflecting, or related in any manner, logically, factually, indirectly, or directly to the matter discussed.

**23.** The terms **"describe" or "describing"** when used in reference to any documents or tangible evidence includes stating the title or name, date, time, author of documents, the common name, identifying number, manufacturer, and date of manufacture of any object and the name and address of the person(s) having possession, custody, or control of such at the present time.

**24.** The terms **"evidencing"** shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly, or directly – the matter discussed.

**25.** The term **"damages"** shall mean all claims for relief alleged by Plaintiff(s) in the latest Complaint.

**26.** The terms **"incident"**, **"incident in question"**, **"occurrence in question"**, **"incident made the basis of this lawsuit"**, **"accident made the basis of this lawsuit"**, shall mean, unless otherwise indicated, the events which give rise to this lawsuit as set forth in Plaintiff's most recent petition.

### REQUESTS FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION, AND REQUEST FOR ADMISSIONS TO EACH DEFENDANT

#### II.    REQUEST FOR DISCLOSURE TO EACH DEFENDANT

Plaintiff requests that each Defendant disclose, within 50 days of the service of this Request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

#### III.    INTERROGATORIES TO EACH DEFENDANT

INTERROGATORY 1.

State the full name, current physical address, telephone number, employer, and job title, of each person answering and assisting in answering these interrogatories on behalf of Defendant.

ANSWER:

**INTERROGATORY 2.**

Has Defendant been sued under its correct name? If not, state the correct name and identify any associated registered agent along with said agent's address.

ANSWER:


**INTERROGATORY 3.**

Describe your understanding of how the incident occurred and state what the claim or contention of the Defendant will be regarding any cause or contributing cause of the incident, including a statement of the facts and information upon which such contention is based.

ANSWER:


**INTERROGATORY 4.**

Describe fully the guidelines and procedures, including any and all inspection programs utilized by Defendant, at the time of the accident, pertaining to the inspection of the premises for hazards that may cause slip or trip and falls or incidents similar to the one that is the basis of this lawsuit.

ANSWER:


**INTERROGATORY 5.**

Fully describe the nature and content of all discussions between Defendant's representatives and Plaintiff immediately after the incident which makes the basis of this suit until Plaintiff left Defendant's premises.

ANSWER:


**INTERROGATORY 6.**

State whether or not you have a copy of any statement which the Plaintiff has previously made concerning the actions or its subject matter and which is in your possession, custody, or control. For the purpose of this question, a statement previously made includes:

        a.     a written statement signed or otherwise adopted or approved by the person making it; or

b.     a stenographic, mechanical, electrical, or other recording or any transcription thereof which is a substantially verbatim recital of an oral statement by the person     making it and contemporaneously recorded.

ANSWER:

INTERROGATORY 7.

Did you or any agent or employee of the Defendant ever take or receive any statement, either oral or in writing, from any person, including parties to this lawsuit, who had any information or knowledge relating to the incident?  If yes, please state as to each such person:

a.     his/her identity, including name and address;

b.     the date of each such statement;

c.     the substance of each such statement; and

d.     if any such statement was in writing, either attach a copy of each such statement to your answers to these interrogatories or indicate where and when each such statement may be examined by counsel.

ANSWER:

INTERROGATORY 8.

State each and every act which you contend Plaintiff should have performed or should not have performed to avoid the incident or the damages arising therefrom.  As to each such act or inaction identified, please further set forth:

a.     each non-privileged fact which you contend supports the subject contention;

b.     the identity of any person known to you who possesses or claims to possess knowledge of any non-privileged facts supporting each contention;

  c. an identification, with such particularity as you would require in a motion to produce, of each and every writing which relates to or supports each such contention; and

  d. the identity of the custodian of each writing identified in your answer to the foregoing sub-part of this interrogatory.

ANSWER:

**INTERROGATORY 9.**

Does Defendant contend that the negligence of anyone other than the Plaintiff caused or contributed to the injuries, losses, or damages in this lawsuit, identify each other party that Defendant contends to have been negligent and the manner in which each such party was negligent.

ANSWER:

**INTERROGATORY 10.**

Please describe other incidents occurring at the Defendant's premises where the incident made the basis of this lawsuit occurred, within the three years preceding Plaintiff's incident, that involve a physical attack by one of Defendant's customers against another customer.

ANSWER:

**INTERROGATORY 11.**

Please identify any of Defendant's employees, agents or representatives who witnessed the incident made the basis of this lawsuit by stating their name and their last known contact information.

ANSWER:

INTERROGATORY 12.

Please identify any of Defendant's employees, agents or representatives who were working in the area (same department) at the time immediately preceding and at the time of the incident made the basis of this lawsuit by stating their name, their duties at the time of the incident, and their last known contact information.

ANSWER:


INTERROGATORY 13.

Please state what measures or precautions had been taken prior to and including the day of the incident made the basis of this lawsuit to prevent belligerent persons from entering or remaining in Defendant's premises.

ANSWER:


INTERROGATORY 14.

Please state what measures or precautions had been taken prior to the day of the incident to and including the date of the incident made the basis of this lawsuit to prevent outwardly aggressive persons from entering or remaining in Defendant's premises.

ANSWER:


INTERROGATORY 15.

Please state what measures or precautions had been taken prior to and including the day of the incident made the basis of this lawsuit to prevent intoxicated persons from entering or remaining in Defendant's premises.

ANSWER:


INTERROGATORY 16.

Please state what measures or precautions had been taken prior to and including the day of the incident made the basis of this lawsuit to prevent persons under the influence of intoxicants or drugs from entering or remaining in Defendant's premises.

ANSWER:

INTERROGATORY 17.

Please describe the method and type of digital or video surveillance in the area where the Plaintiff's incident occurred by stating whether surveillance recording, digital, film, or otherwise exists, whether the recording or video is black and white or in color, whether or not the surveillance recording or video still exists, and a list of the cameras and their location within forty feet of where the incident occurred at the time the incident occurred.

ANSWER:


INTERROGATORY 18.

Prior to the incident, when was the last time that a Defendant or representative of the Defendant visited the area where the incident occurred for any reason by stating the name of the representative, the reason the representative visited the area?

ANSWER:


INTERROGATORY 19.

Please state all steps taken immediately prior to the incident made the basis of this lawsuit by the Defendant to protect Plaintiff and the general public from hazards or dangers posed by other persons on Defendant's premises.

ANSWER:


## III.    REQUEST FOR PRODUCTION TO EACH DEFENDANT

REQUEST FOR PRODUCTION 1.
Any and all photographs, video tapes, or digital or audio recordings of the area of the incident or Plaintiff for the period beginning 2 hours before through 30 minutes after the incident which makes the basis of this lawsuit.

REQUEST FOR PRODUCTION 2.
Any and all diagrams or schematics of the floor plan and/or layout of the subject premises in its entirety at or about the time of the incident which makes the basis of this suit.

REQUEST FOR PRODUCTION 3.
Any and all photographs, movies, video recordings, digital recordings, or visual reproductions of any kind in your possession, the possession of your attorney, your experts, or any other person acting on your behalf pertaining to the incident, the scene of

Plaintiff's Original Petition and Discovery to all Defendants

the incident, or any other fact or matter that is the subject or related to the subject of this suit, whether or not expected to be introduced into evidence at trial.

REQUEST FOR PRODUCTION 4.
Any and all papers, books, accounts, writings, drawings, or graphs which may be used in the defense of this cause of action.

REQUEST FOR PRODUCTION 5.
Any and all documents, digital or otherwise, and tangible things, the production of which has not been requested pursuant to any other request which you intend to offer into evidence at the trial of this case.

REQUEST FOR PRODUCTION 6.
A list of all employees on duty at the time of the incident and the areas or tasks said employees were assigned to.

REQUEST FOR PRODUCTION 7.
Any and all documents related to non-privileged investigatory measures taken by Defendant in an effort to determine the basis of Plaintiff's claim.

REQUEST FOR PRODUCTION 8.
Any and all documents related to previous incidents similar to that suffered by Plaintiff for the period of 3 years prior to and including Plaintiff's incident through the present.

REQUEST FOR PRODUCTION 9.
Any and all documents related to previous physical altercations on the subject premises of Defendant for a period of 3 years prior to and including the date of Plaintiff's incident through the present.

REQUEST FOR PRODUCTION 10.
Any and all documents, videos, digital presentations, as well as training manuals, relating to Defendant's policies and procedures for dealing with incidents of a nature similar to that on which this lawsuit is based in effect on the day of the incident.

REQUEST FOR PRODUCTION 11.
A list of all lawsuits filed against Defendant arising from incidents of a nature similar to that on which this lawsuit is based for the period of 3 years prior to and including the date of Plaintiff's incident through the present.

Plaintiff's Original Petition and Discovery to all Defendants

REQUEST FOR PRODUCTION 12.
Copies of any incident reports, accident reports or internal documents that evidence previous complaints by customers similar to that which makes the basis of this suit for the period of 3 years prior to and including the date of Plaintiff's incident through the present.

REQUEST FOR PRODUCTION 13.
Any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by the Plaintiff and contemporaneously recorded.

REQUEST FOR PRODUCTION 14.
A verbatim copy of each and every statement in your possession allegedly made by the Plaintiff.

REQUEST FOR PRODUCTION 15.
Copies of statements from employees who had contact with Plaintiff on or after the date of the incident, regarding the incident which makes the basis of this suit.

REQUEST FOR PRODUCTION 16.
A copy of any training or instruction manuals given to employees that address or mention how to inspect and monitor the premises to deal with the customers that pose a danger to other customers for the period of three (3) years prior to and in effect the day of the incident through the present.

REQUEST FOR PRODUCTION 17.
A copy of any questionnaires, evaluations, or tests employees were required to take (either in their orientation, safety meetings, safety seminars, or as required by management) that relate or pertain to incidents that are the same or similar to the incident made the basis of this lawsuit.  This request only includes requested items that were instituted or taken within three (3) years prior to, and including, the incident through the present.

REQUEST FOR PRODUCTION 18.
A copy of any training or instruction materials, whether digital or hard copy, given to or received by Defendant's employees that address or mention how employees are directed to deal with customers or persons on Defendant's premises who pose hazards or dangers to others on Defendant's premise for a period of three (3) years prior to, and including, the date of the incident made the basis of this lawsuit through the present.

*Plaintiff's Original Petition and Discovery to all Defendants*

REQUEST FOR PRODUCTION 19.
A copy of any tests employees were required to take (either in their orientation, safety meetings, safety seminars, or as required by management) that tests matters such as identifying customers or persons who pose a threat or danger to others on Defendant's premises.  This request only includes tests that were instituted or taken within the three (3) years prior to and including the date of the incident made the basis of this lawsuit through the present.


REQUEST FOR PRODUCTION 20.
**Philip Ingram's** individual results of the tests identified in Request number 19.


REQUEST FOR PRODUCTION 21.
Copies of any emails or texts pertaining to the incident in question to or from Defendant referencing or pertaining to the incident in question other than those between Defendant and Defendant's' attorneys in this matter or insurance representatives in this matter after Defendant had a reasonable belief that a lawsuit would be filed against them arising from this incident.

REQUEST FOR PRODUCTION 22.
Any emails or texts, whether stored as hard copies, digitally or magnetically stored, by or Defendant that supports the date by which Defendant contends it had a reasonable belief that Defendant would be the subject of litigation arising from the incident in question.

REQUEST FOR PRODUCTION 23.
Any and all documents related to previous incidents similar to that suffered by Plaintiff on the subject premises of Defendant for the three (3) years prior to and including the date of Plaintiff's incident through the present.

REQUEST FOR PRODUCTION 24.
A verbatim copy of each and every statement in your possession allegedly made by the Plaintiff, Plaintiff's agents, or employees, in this case.  Such statements would include oral statements, written statements, or recorded statements.

REQUEST FOR PRODUCTION 25.
Copies of statements from employees who had contact with Plaintiff on or after the date of the incident, regarding the incident which makes the basis of this suit.


REQUEST FOR PRODUCTION 26.
A copy of any incident report regarding the subject matter that forms the basis of this lawsuit.

REQUEST FOR PRODUCTION 27.
Copies of all medical records, medical bills, medical narratives, and medical notes pertaining to medical care received by Plaintiff in Defendant's or Defendant's attorney's possession.

REQUEST FOR PRODUCTION 28.
Any and all recordings of the incident made the basis of this lawsuit, including the 1 hour period before and after the incident.

## V.     REQUEST FOR ADMISSIONS TO EACH DEFENDANT

REQUEST FOR ADMISSION 1.
Admit or deny that at the time of the incident in question, Defendant was the owner of the subject property where the incident made the basis of this suit occurred.

ANSWER:

REQUEST FOR ADMISSION 2.
Admit or deny that at the time of the incident in question, Defendant was the management company for the subject property where the incident made the basis of this suit occurred.

ANSWER:

REQUEST FOR ADMISSION 3.
Admit or deny that at the time of the incident in question, Defendant was the entity responsible for safety of persons on Defendant's premises at the time of the incident made the basis of this lawsuit.

ANSWER:

REQUEST FOR ADMISSION 4.
Admit or deny that at the time of the incident in question, Defendant was the entity in possession of the subject premises where the incident made the basis of this lawsuit occurred.

ANSWER:

Plaintiff's Original Petition and Discovery to all Defendants

EXHIBIT 3

**Exhibit 3**

Filed
1/13/2021 1:17 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Donald Evans

## SERVICE FEE NOT COLLECTED
## BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO:   **PHILIP INGRAM**
      **6425 FM 1464**
      **RICHMOND TX  77407**

**NOTICE:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY TO DEFENDANTS** filed on **December 18, 2020,** a default judgment may be taken against you.

The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-279310** and is styled:

**TREVOR HARRIS V. KROGER TEXAS L.P. D/B/A KROGER HOUSTON #392, THE KROGER CO., KROGER HOUSTON #392, AND PHILIP INGRAM**

The name and address of the attorney for **PLAINTIFF** is:

**DAVID K. MESTEMAKER**
**MESTEMAKER STRAUB & ZUMWALT**
**3100 TIMMONS LANE SUITE 455**
**HOUSTON TX  77027**
**713-626-8900**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY TO DEFENDANTS** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 21st day of December, 2020.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
Deputy District Clerk DONALD EVANS
Telephone: (281) 238-3276

20-DCV-279310                           268th Judicial District Court
Trevor Harris V. Kroger Texas L.P. D/B/A Kroger Houston #392, The Kroger Co., Kroger Houston #392, and Philip
Ingram

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the __5__ day of __January__ , 20_21_, at _12_ o'clock _P_ M.
Executed at _1352  W. 43rd Street Houston K._ within the County of _____
__Harris____ , at _7_ o'clock _7_ M. on the __11__ day of __January__
_____ , 20_21_, by delivering to the within named _Philip  Ingram_
_____ , in person, a true copy of this citation together with the accompanying copy

of the petition, having first attached such copy of such petition to such copy of citation and endorsed on

such copy of citation the date of delivery.

Total fee for serving _ citation at $80.00 each $_____

                              _Lakeysha Smith_
                              Name of Officer or Authorized Person
                                   _Harris_
                                                County, Texas
                              By: _Lakeysha Smith_
                              Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is
not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed
under penalty of perjury and contain the following statement:

"My name is ___Lakeysha      Chontia      Smith_____ ,
                     (First, Middle, Last)

my date of birth ▮▮▮▮▮▮▮▮ , and my address is ▮▮▮▮▮▮▮▮
                                                    (Street, City, Zip)

▮▮▮▮▮▮▮▮ ."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in __Harris__ County, State of __Texas__ , on the __11__

day of __January    2021__

                              _Lakeysha Smith_
                              Declarant / Authorized Process Server

                              _14892          4-30-22_
                              (Id # & expiration of certification)

### ORIGINAL

Citation issued to Philip Ingram on 12/21/2020.

# EXHIBIT 4

**Exhibit 4**

Filed
1/25/2021 2:37 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Vanessa Vasquez

CAUSE NO. 20-DCV-279310

| | | |
|---|---|---|
| TREVOR HARRIS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | 268TH DISTRICT COURT |
| KROGER TEXAS L.P. D/B/A KROGER | § | |
| HOUSTON #392, THE KROGER CO., | § | |
| KROGER HOUSTON #392, AND | § | |
| PHILIP INGRAM | § | |
| Defendants. | § | FORT BEND COUNTY, TEXAS |

_____

## DEFENDANTS' ORIGINAL ANSWER AND VERIFIED DENIAL
_____

Defendants Kroger Texas L.P. (incorrectly identified as "Kroger Texas, L.P. d/b/a Kroger Houston #392), The Kroger Co., Kroger Houston #392, and Philip Ingram file this Original Answer and Verified Denial and in support thereof would respectfully show the Court as follows:

**I.**
**VERIFIED DENIAL**

1.      By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendants deny that Plaintiff is entitled to recover from all of the Defendants in the capacity in which they have been sued. Specifically, Defendants deny that "Kroger Texas, L.P. d/b/a Kroger Houston #392, The Kroger Co., Kroger Houston #392," owned or operated the store or employed Plaintiff at issue at any relevant time. A simple search on the Fort Bend County Appraisal District's website clearly demonstrates that "Kroger Texas LP" is the sole premises owner. Likewise, a simple search on the Texas Comptroller of Public Accounts' website reveals that now entity name "Kroger Houston #392" exists. Consequently, to the extent Plaintiff has any right or potential right of recovery – which Defendants contest – Kroger Texas L.P. is the only proper Kroger entity to this action. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

## II.
## GENERAL DENIAL

2.     Defendants deny each and every material allegation contained in Plaintiff's Original Petition, demand strict proof thereof, and to the extent that such matters are questions of fact, say Plaintiff should prove such facts by a preponderance and/or clear and convincing evidence to a jury, if she can so do.

## III.
## DEFENSES

3.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations. Although Plaintiff timely filed suit against Defendants, she failed to timely serve her lawsuit upon Defendants. *See*, *e.g.*, *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, writ denied).

4.     Plaintiff's damages or injuries, if any, were caused by the acts of third persons not under the control of Defendants. Such acts or omissions of said third persons were the sole, producing, proximate, intervening, or supervening cause of Plaintiff's damages or injuries, if any.

5.     Moreover, Plaintiff's damages or injuries, if any, were solely and proximately caused by the criminal acts of the unidentified "Kroger customer," whom Plaintiff alleges struck her, which could not have been reasonably foreseen by Defendants. Defendants are not liable for the criminal acts of third parties that are not reasonably foreseeable, and hence, the unidentified customer's criminal acts constitute an intervening and/or superseding cause of Plaintiff's alleged damages.

6.     Further, the customer's criminal acts constituted negligence *per se* on the occasion in question and were the sole proximate cause of Plaintiff's damages, if any.

7.     Defendants assert that they were not negligent as a matter of law because Plaintiff was performing her customary and usual job at the time of the incident at issue and the same character of work that Plaintiff and other employers in similar positions regularly performed.

8.     Defendants assert that they owed Plaintiff no duty to warn, train, or provide additional equipment because the task she was performing did not require special training or tools and the risks associated with it are commonly known and/or appreciated by Plaintiff.

9.     Plaintiff failed to use that degree of care and caution that would have been used by a reasonable person under the same or similar circumstances, thereby proximately causing Plaintiff's injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's damages or injuries, if any.

10.     In the alternative, the accident complained of was an unavoidable accident, as that term is defined under Texas law.

11.     Defendants respectfully request that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

12.     In the unlikely event an adverse judgment is rendered against Defendants in this matter, Defendants respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

13.     Defendants are entitled to a credit and/or offset against any judgment that may be rendered against them for any and all amounts paid to or on behalf of Plaintiff, under any of Defendants' benefit/insurance programs.

14.     The damages about which Plaintiff complains, if any, were the result of prior or pre-existing or subsequent injuries, accidents or conditions, and said prior or pre-existing or subsequent injuries, accidents or conditions were the sole and/or a contributing cause of Plaintiff's damages alleged against Defendants.

15.     Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

16.     Plaintiff is malingering and/or exaggerating the nature and severity of her injuries in order to continue treatment, and accordingly, Defendants contend said treatment is not medically necessary or reasonable.

17.     Any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code §41.0105.

18.     Pursuant to Texas Civil Practice & Remedies Code § 18.091, to the extent that Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of such alleged losses must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

19.     Defendants specifically deny Plaintiff's claims that their actions were such that exemplary damages may be awarded against them and respectfully pray that the Court strike such claims in the absence of sufficient evidence produced by Plaintiff in support of these claims.

20.     Defendants further assert that Plaintiff's claims for exemplary damages are wholly barred by Texas Civil Practice & Remedies Code § 41.005, because Plaintiff's action arises from alleged harm resulting from a criminal act of another.

21.     Defendants further plead the defense of unconstitutionality and say any award of exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the similar provisions of the Texas Constitution. Furthermore, the imposition of exemplary damages constitutes an excessive fine in violation of the Eighth Amendment, denies Defendants the equal protection of the laws under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments. Any claim by Plaintiff for exemplary damages should be stricken as unconstitutional and any award of exemplary damages should be set aside for the reasons stated above.

## IV.
## REQUEST FOR COURT REPORTER

22.     Defendants respectfully demand a court reporter be present at all proceedings before the Court.

## V.
## JURY DEMAND

23.     Defendants hereby demand trial by jury under Texas Constitution Article 1, section 15, and tender herewith the requisite jury fee as required by the Texas Government Code and Fort Bend County District Clerk.

**VI.**

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that Plaintiff take nothing by this cause of action, that Defendants be permitted to recover the costs expended on their behalf, and for such other and further relief to which Defendants may show themselves justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
**PEAVLER│BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Texas Rules of Civil Procedure on January 25, 2021.

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**

**VERIFICATION**

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

Before me, the undersigned authority, did personally appear Seth R. Lightfoot, who upon his oath deposes and says that he is one of the attorneys of record for Defendants, he has never been convicted of a disqualifying crime, he is over the age of 21, and he is competent to make this verification.  Accordingly, Mr. Lightfoot verifies that the facts alleged in paragraph "I. Verified Denial" of the foregoing pleading are within his personal knowledge and true and correct.

_____
Seth R. Lightfoot

Subscribed and sworn to before me on this ____ day of January 2021.

_____
NOTARY PUBLIC in and for the State of Texas

MARIA LOHSE
Notary Public, State of Texas
Comm. Expires 02-05-2024
Notary ID 132346674

---

# EXHIBIT 5

**Exhibit 5**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| TREVOR HARRIS | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-00377 |
| | § | |
| KROGER TEXAS, L.P., D/B/A KROGER | § | |
| HOUSTON #392, THE KROGER CO., | § | |
| KROGER HOUSTON #392, AND | § | |
| PHILIP INGRAM | § | |
|     Defendants. | § | |

---

### LIST OF ALL COUNSEL OF RECORD

---

**Counsel for Plaintiff Trevor Harris**

**David K. Mestemaker**
State Bar No. 13974600
dkm@mandsattorneys.com
**Norman Straub**
State Bar No. 00793002
nstraub@mandsattorneys.com
**Jonathan B. Zumwalt**
State Bar No. 24053570
jbz@mandsattorneys.com
Mestemaker, Straub & Zumwalt
3100 Timmons Lane, Suite 455
Houston, Texas 77027-5972
(713) 626-8900 (telephone)
(713) 626-8910 (facsimile)

**Counsel for Defendants Kroger Texas, L.P., d/b/a Kroger Houston #392,**
**The Kroger Co., Kroger Houston #392, and Philip Ingram**

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Seth R. Lightfoot**
State Bar No. 24093625
slightfoot@peavlerbriscoe.com
PEAVLER|BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)