IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TREVOR HARRIS § <br> § <br> V. § <br> § **CIVIL ACTION NO. 4:21-cv-00377** <br> KROGER, L.P., D/B/A KROGER #392, § <br> THE KROGER CO., AND PHILLIP § <br> INGRAM § | |

**PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEY'S FEES**

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

COMES NOW TREVOR HARRIS, Plaintiff in the above styled and numbered cause, who files this Motion for Remand and for attorney's fees and would respectfully show the Court the following:

1. Kroger filed its Notice of Removal on February 4, 2021. (Doc #1).

2. Plaintiff has thirty (30) days following removal to file her Motion for Remand. Thus, this motion is timely filed. 28 U.S.C. 1446(a).

3. "Any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 281-82 (5th Cit. 2007). Plaintiff's Original Petition named Phillip Ingram as a non-diverse Defendant in her Plaintiff's Original Petition, a copy of which is attached hereto and made a part hereof for all purposes as Exhibit "A" to this Motion. See Section II, Paragraph 4 thereof.

4. The amount in controversy for the Plaintiff is not specified in Plaintiff's Original Petition. 28 USC §1332(a) requires the amount to exceed $75,000.00 per person for removal purposes.

5. The Defendant's Removal is based upon two (2) grounds; the first of which is complete diversity amongst the parties. Because the Plaintiff and Defendant Phillip

Ingram are both residents of Texas, (see Section II, Paragraphs 1 and 4 of Exhibit "A"), diversity is destroyed and the case must be remanded.

6. The Defendants have not pled improper joinder in their live pleadings. See a copy of the Defendant's Answer that is attached hereto and made a part hereof for all purposes as Exhibit "B" to this Motion for Remand. "The burden to show improper joinder is on the removing party and it is a heavy one." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Absent any live pleadings averring same, the Defendants cannot use improper joinder as a basis for removal.

6. The second basis for removal is that the Plaintiff is seeking more than $75,000.00 in damages. Yet there is no specific dollar amount sought in the Damages section of the Plaintiff's Original Petition. See Section XI of Exhibit "A". There is no provision or case found in Texas nor federal law that allows the Defendants to claim that the Plaintiff's damages are in excess of $75,000.00 absent the Plaintiff so claiming or extrinsic evidence comprising a preponderance of the evidence thereof. Thus, there exists a second and independent reason to remand the case.

7. The wrongful removal warrants the award of attorney's fees to the Plaintiff as provided in 28 U.S.C. 1447(c). Because the amount in controversy is less than the minimum required for removal, and independently because there is not complete diversity amongst the parties, the case should be summarily remanded and attorneys' fees awarded to the Plaintiffs for having had their case wrongfully removed.

8. The 5th Circuit has ruled that the District Courts shall strictly construe the removal statutes in favor of remand and against removal. See *Bosky v. Kroger Tex, L.P.*, 288 F.3d 208, 214 (5th Cir. 2002). Furthermore, the 5th Circuit ruled that "the defendant's subjective knowledge cannot convert a case into a removable action." See *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cor. 1996).

9. In the instant case, the Defendants allege in section V of its Notice of Removal, (Doc. #1), that "it is clear that the Plaintiff seeks monetary relief over $1,000,000" yet they provide no evidence thereof; none. The Defendants have to "prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." See *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

10. The Defendants have not set forth any proof in their Texas state Court answer nor in their Removal to support their $1,000,000 amount. See Exhibit "B". "Any ambiguities are construed against removal and in favor of remand to state court." *Manguno v. Prudential Prop & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Given that the Defendants' claims lack evidentiary support and are self-serving conclusions at best, such claims are the definition of ambiguity and should be so construed.

11. "We regard however, the "some possibility" standard … which essentially require(s) that the defendant merely show that the plaintiff *could* recover more than the jurisdictional amount as too permissive." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). (emphasis in original). "The *possibility* that plaintiff may in the future seek or recover more damages is insufficient to support federal jurisdiction now." *De Aguilar* at 1411 citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). (Emphasis added in original).

12. The end result in the instant case is that there is no evidence supporting federal jurisdiction now vis-à-vis the amount in controversy and the case must be remanded.

Dated: March 3, 2021.

                                      Respectfully submitted,

                                      MESTEMAKER, STRAUB & ZUMWALT

                        By:  */s/ David K. Mestemaker*
                             David K. Mestemaker
                             Federal ID: 14410
                             State Bar No. 13974600
                             dkm@mandsattorneys.com
                       By:  */s/ Norman Straub*
                             Norman Straub
                             Federal ID: 19700
                             State Bar No. 00793002
                             nstraub@mandasattorneys.com
                       By: */s/ Jonathan B. Zumwalt*
                             Jonathan B. Zumwalt
                             Federal ID: 915263
                             State Bar No. 24053570
                             jbz@mandsattorneys.com
                             3100 Timmons Lane, Suite 455
                             Houston, Texas  77027
                             (713) 626-8900 Telephone
                             (713) 626-8910 Telecopier

                             ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record in compliance with the Federal Rules of Civil Procedure on March 3, 2021.

Kyle Briscoe
Peavler Briscoe
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550
214-999-0551
kbriscoe@peavlerbriscoe.com

                                                   */s/ David K. Mestemaker*
                                                   David K. Mestemaker