United States District Court
Southern District of Texas
**ENTERED**
June 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Trevor Harris, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action H-21-377 |
| § | |
| Kroger Texas, L.P., et al., § | |
|     Defendants. § | |

## Report and Recommendation

    Trevor Harris alleges that while she was leaving Kroger Houston #392 on December 26, 2018, a customer physically assaulted her. (D.E. 4-1.) Harris, a citizen of Texas, sued Kroger Texas L.P. and The Kroger Co. (collectively "Kroger"), citizens of Ohio, and manager Philip Ingram, a citizen of Texas, in Texas state court for claims of negligence and gross negligence.[1] *Id.* Harris asserts that, among other things, Defendants failed to maintain the safety of the premises and to adequately train its staff, which led to her injuries. *Id.*

    On February 4, 2021, Defendants removed the case to federal court based on diversity jurisdiction. (D.E. 1.) Harris moves to remand, asserting that the parties are not diverse and that Defendants have not shown that the amount in controversy is greater than $75,000. (D.E. 4.) The court recommends that Harris's motion to remand be denied and that Ingram be dismissed from the case.

### 1. *Analysis*

    A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the

---

[1] The original pleading also lists Kroger Houston #392 as a Defendant. (D.E. 4-1.) Per the removal notice, Kroger Houston #392 is not a distinct legal entity. (D.E. 1.)

dispute is between citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. The defendant bears the burden of demonstrating that the statutory prerequisites of diversity jurisdiction are satisfied. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

### A. Complete Diversity

"Diversity jurisdiction typically requires 'complete diversity' of parties, such that no plaintiff may be a 'citizen of the same State as any defendant.'" *Priester v. Deutsche Bank Nat'l Tr. Co.*, 832 F. App'x 240, 244 (5th Cir. 2020) (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016)). "[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg*, 819 F.3d at 136. A defendant may establish improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant in state court. *Priester*, 832 F. App'x at 244.

Defendants acknowledge that, at the time of removal, the face of Harris's pleading did not demonstrate complete diversity because both Harris and Ingram are citizens of Texas. However, Defendants assert that Ingram did not have a legal duty independent of Kroger and was thus improperly joined and should not be considered in determining diversity jurisdiction. Under Texas law, a person acting as an agent or employee of a company may be held individually liable only if the agent or employee owes "an independent duty of reasonable care to the injured party apart from the employer's duty." *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).

Harris alleges Defendants had a duty to ensure their premises were safe by:
- hiring competent security;
- training and monitoring security and retail staff;
- using reasonable care in dealing with violent customers;
- following adequate safety procedures; and
- using reasonable care in hiring, training, retaining, and supervising employees.

(D.E. 4-1.) Harris does not state that Ingram was present at the time of injury. Ingram is mentioned in Harris's complaint as an example of an allegedly negligent employee within Kroger's care. *Id.* at 6–7. Harris does not identify any individual duty that Ingram may have owed her. Accordingly, Harris cannot establish a cause of action against Ingram in his personal capacity. His citizenship may be disregarded for purposes of diversity jurisdiction. *See Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008) (explaining "there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties").

### B. Amount in Controversy

Jurisdiction is "proper if 'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].'" *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (alteration in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)).

In her state court pleading, Harris sought damages "of more than $1,000,000.00" for:
- past and future medical expenses;
- physical pain and suffering;
- lost earnings and future earning capacity;
- physical impairment and disfigurement; and
- past and future mental anguish.

(D.E. 4-1.) This amount is based on the "severe bodily injuries" she sustained from a physical attack. *Id.* at 4–5. Defendants' notice of removal is based on the damages that Harris alleged. Because the requested damages exceed $75,000, the amount in controversy requirement has been met.

3

*2. Conclusion*

The court recommends that the motion to remand (D.E. 4) be denied, that Ingram be dismissed from this action, and that the court exercise jurisdiction over the remaining parties.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 25, 2021.

_____
Peter Bray
United States Magistrate Judge